## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | |
|---|---|
| SHERRY L. CLEMONS, | Civil Action No. 4:21-cv-00678 |
| Plaintiff, | |
| v. | |
| BRADFORD O'NEIL AGENCY, LLC, | |
| Defendant. | |

## **DEFENDANT'S MOTION TO DISMISS**

Defendant O'Neil Insurance Agency, Inc. (improperly named as "Bradford O'Neil Agency, LLC") (hereinafter "O'Neil Agency") moves, pursuant to Federal Rules of Civil Procedure 12(b)(6) and 12(f), for an order dismissing this action and, in the alternative, dismissing or striking Plaintiff's demand for attorneys fees. In support of this Motion, O'Neil Agency states as follows:

1. This is a successor suit to an action filed by Plaintiff Sherry Clemons against State Farm Mutual Automobile Insurance Company ("State Farm") in the Central District of Illinois (Case No. 20-cv-1050) (hereinafter "*Clemons I*") pursuant to the Telephone Consumer Protection Act ("TCPA). Highlighted copies of the original and the amended complaints filed in *Clemons I* are attached hereto as Exhibits A and B, respectively. As in the case at bar, in *Clemons I* Plaintiff sought damages and certification of a class action based upon calls she allegedly received from State Farm insurance agent O'Neil Agency. The district court dismissed *Clemons I*, concluding that the complaint failed to allege facts demonstrating that State Farm could be held vicariously liable for the alleged calls by its agent. Undeterred, Plaintiff instituted this action against O'Neil

Agency, alleging a claim for violation of the Do-Not-Call provision of the TCPA. However, Plaintiff has again failed to state a proper claim for relief.

2. Dismissal is appropriate, first, because Plaintiff's allegations concerning the calls she allegedly received are utterly inconsistent with the allegations she made concerning such calls in *Clemons I*. Plaintiff has not even attempted to explain that inconsistency, and her contradictory allegations preclude any determination that she has plausibly alleged a TCPA violation.

3. Dismissal is required for the additional reason that the Do-Not-Call restrictions of the TCPA are limited to residential lines, and Plaintiff has alleged that the calls in question were made to her cellular telephone. Moreover, even if the TCPA is construed to encompass calls to cellular telephones that function as residential telephones, Plaintiff has not pleaded any facts to support such a finding—her allegation in that regard is entirely conclusory.

4. Finally, Plaintiff's request for attorneys fees should be dismissed or stricken because the TCPA does not provide for the recovery of such fees.

Wherefore, and for the reasons set forth in the accompanying Memorandum of Law, Defendant O'Neil Insurance Agency respectfully requests that the Court grant this Motion and dismiss Plaintiff's action with prejudice and, in the alternative, that the Court dismiss or strike Plaintiff's demand for attorneys fees.

Respectfully submitted,

*/s/ Patrick D. Cloud*
HEYL, ROYSTER, VOELKER & ALLEN, P.C.
Patrick D. Cloud, #57187MO
105 West Vandalia, Suite 100
Edwardsville, IL 62025
(618) 656-4646
pcloud@heylroyster.com
***Attorneys for Defendant,***
***O'Neil Insurance Agency, Inc.***

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on this 9th[th] day of July, 2021, the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system, which will cause of copy of same to be served upon all counsel of record.

/s/ Patrick D. Cloud
HEYL, ROYSTER, VOELKER & ALLEN, P.C.