UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| SHERRY L. CLEMONS, | Civil Action No. 4:21-cv-00678-SRC |
| Plaintiff, | |
| v. | |
| O'NEIL INSURANCE AGENCY, INC. and STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY | |
| Defendants. | |

**STATE FARM'S MOTION TO DISMISS**
**PLAINTIFF'S CLAIMS AGAINST STATE FARM**

Defendant State Farm Mutual Automobile Insurance Company ("State Farm") moves, pursuant to Federal Rules of Civil Procedure 12(b)(6), for an order dismissing Plaintiff's claims against State Farm.  In support of this Motion, State Farm states as follows:

1.     This is a successor suit to an action filed by Plaintiff Sherry Clemons against State Farm in the Central District of Illinois (Case No. 20-cv-1050) (hereinafter "*Clemons I*") pursuant to the Telephone Consumer Protection Act ("TCPA).  As in the case at bar, in *Clemons I* Plaintiff sought damages and certification of a class action based upon calls she allegedly received from State Farm insurance agent O'Neil Insurance Agency, Inc. (hereinafter "O'Neil Agency").  The district court dismissed *Clemons I*, concluding that the complaint failed to allege facts establishing standing to sue State Farm under a vicarious liability theory for the alleged calls by the O'Neil Agency.  Undeterred, Plaintiff filed a Second Amended Complaint ("SAC") in this action, adding State Farm as a defendant and again claiming that State Farm is vicariously liable for the calls allegedly placed by O'Neil Agency.  Plaintiff's claims against State Farm should be dismissed.

- 1 -

2. Plaintiff's claims fail, first, because Plaintiff is re-arguing the same issues decided in *Clemons I*. Principles of "issue preclusion" dictate that parties may not relitigate findings on jurisdictional issues that were made in prior cases, and that includes instances where the prior action was voluntarily dismissed without prejudice. Thus, Plaintiff's suggestion that the ruling in *Clemons I* should be ignored has no merit. Importantly, this is not an instance where a plaintiff has learned new information that enabled her to remedy the pleading deficiencies that were identified by the Court in the prior case. To the contrary, the allegations of vicarious liability contained in the SAC present nothing new to the allegations and exhibits presented to the Court in *Clemons I*. Thus, Plaintiff should not be permitted to relitigate the dismissal ruling in *Clemons I*.

3. In any event, the allegations of the SAC do not state a valid claim for vicarious liability under a theory of either actual or apparent authority. No actual authority is alleged because the SAC does not claim that State Farm directed O'Neil Agency to place the calls at issue to Plaintiff. In fact, State Farm *prohibits* calls that would be contrary to the TCPA restrictions on telemarketing to persons who have registered their phone numbers with the Do Not Call ("DNC) Registry. In addition, no apparent authority is alleged because the SAC does not identify any manifestation by State Farm, vesting O'Neil Agency with authority to make the calls alleged to have violated the TCPA's DNC provisions, and because, as in *Clemons I*, Plaintiff fails to allege facts indicating that she relied on any such manifestation by State Farm. Accordingly, Plaintiff's claims against State Farm should be dismissed.

4. Attached hereto are true and complete copies of the following documents:

| Exhibit A | *Clemons I* initial Complaint, filed February 3, 2020 |
|---|---|
| Exhibit B | Redacted State Farm Do Not Solicit Guidelines (unredacted version filed under seal in *Clemons I*, Dkt. No. 8) |
| Exhibit C | *Clemons I* Amended Complaint, filed April 3, 2020 |

| | |
|---|---|
| Exhibit D | Order and Opinion granting State Farm's Motion to Dismiss in *Clemons v. State Farm Mut. Auto. Ins. Co.*, No. 1:20-CV-1050, 2020 WL 4193997, at *4 (C.D. Ill. July 21, 2020) |
| Exhibit E | Transcript from hearing granting State Farm's Motion to Dismiss in *Saf-T-Gard Int'l, Inc. v. State Farm*, No. 14-cv-144 (June 10, 2014, N.D. Ill.) |

Wherefore, and for the reasons set forth in the accompanying Memorandum of Law, State Farm respectfully requests that the Court grant this Motion and dismiss all claims against State Farm set forth in Plaintiff's Second Amended Complaint.

Dated: June 7, 2022

Respectfully submitted,

*/s/ Patrick D. Cloud*
HEYL, ROYSTER, VOELKER & ALLEN, P.C.
Patrick D. Cloud, #57187MO
105 West Vandalia, Suite 100
Edwardsville, IL 62025
(618) 656-4646
pcloud@heylroyster.com

James P. Gaughan (Ill. #6204406)
 (admitted *pro hac vice*)
Riley Safer Holmes & Cancila LLP
70 West Madison Street, Suite 2900
Chicago, Illinois 60602
Telephone: 312.471.8700
Facsimile:  312.471.8701
jgaughan@rshc-law.com

***Attorneys for Defendants,***
***O'Neil Insurance Agency, Inc. and State Farm Mutual Automobile Insurance Company***

- 4 -

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on this 7th day of June, 2022, the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system, which will cause a copy of the document to be served upon all counsel of record.

/s/ Patrick D. Cloud
HEYL, ROYSTER, VOELKER & ALLEN, P.C.